UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-056 S

TERRENCE GREENE :

# DEFENDANT'S SENTENCING MEMORANDUM

NOW comes the undersigned, as counsel for the defendant, Terrence Greene, and hereby files with the Court the following Sentencing Memorandum.

## 1. Advisory Guideline Range

In this case, the advisory guideline range is 188 to 235 months, based on a total offense level of 31, and a criminal history category of VI. PSR, at ¶ 85. The defendant faces a mandatory minimum of 10 years in jail. PSR, at ¶ 84.

## 2. 18 U.S.C. § 3553

The decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), directs that a sentencing court look at the various sentencing factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The factors set forth in 18 U.S.C. § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) (B) to afford adequate deterrence to criminal conduct;

( C ) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kids of sentences available;

(4) the kinds of sentence and the sentencing range established for -- ***

18 U.S.C. § 3553(a)

**3. Nature and circumstances of the offense**

Clearly the sale of cocaine base is a very serious offense and is treated as such by the very serious mandatory minimum sentences, ten years in this case, enacted by Congress. The serious nature of crack cocaine dealing is also a reason for the Court to impose a significant sentence that takes into consideration the factors set forth in 18 U.S.C. § 3553(a)(2)(A),(B) and ( C ), all of which focus on the intrinsic importance of punishing a defendant in imposing a sentence.

**4. History and characteristics of the defendant**

Obviously, the court must weigh those factors which weigh in favor of a longer sentence against the defendant's history and characteristics, which may, in a given case, mitigate the sentence.

In this case, the defendant has a long criminal history, featuring three offenses which make him a career offender under the provisions of U.S.S.G. § 4B1.1. PSR, at ¶ 20. The three offenses all involve small amounts of drugs, street level sales. See PSR, at ¶¶ 37, 38 and 46, where the PSR details the nature of the three prior convictions.

Perhaps the most significant factor about the defendant's background is the abject poverty in which he was raised. PSR, at ¶¶ 72-75. While poverty certainly does not excuse a defendant's criminal activity, it is hardly surprising that Mr. Greene turned to a life of dealing drugs where his mother openly used drugs in front of him. PSR, at ¶ 75. The fact pattern in paragraphs 73, 74 and 75 of the PSR reveals a childhood as neglectful and abusive as any that defense counsel has ever seen.

Defense counsel does not believe that the horrendous facts of the defendant's childhood themselves warrant a lower sentence, however, the Court should consider the defendant's background when assessing the severity of the crack cocaine guidelines and the severity of the sentence called for by the application of the crack guidelines. In United States v. Pho, 433 F. 3d 53 (1st. Cir. 2006), the United States Court of Appeals for the First Circuit observed that, while rejecting what was categorized as a "categorical" rejection of the 100:1 ratio of punishment between crack and powder cocaine in imposing sentence, a district court could consider " the nature of the contraband and/or the severity of a projected guideline sentence". 433 F. 3d, at 65.

In the instant case, the defendant was raised in a household where he was constantly exposed to street drug sales. He became involved in street drug sales as a young man. His crime of conviction involved small amounts of crack cocaine. Clearly, this defendant has been involved in serious, dangerous criminal activity, however, given that he has never really had a chance at any type of normalcy, the Court should impose a sentence below the guideline range, leaving the ultimate sentence to the discretion of the Court. The defendant is a street drug dealer who never had the normal opportunities to receive education. His role model was a person who was openly abusing drugs.

In addition to the fact that this case involves crack cocaine, the Court should consider that Mr. Greene has absolutely no job history. Clearly, he is in need of employment training, education and rehabilitative drug treatment, in prison and afterwards, as a condition of his supervised release. All of these important goals can be achieved by a sentence lower than the advisory guideline range.

TERRENCE GREENE,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I filed, by electronic case filing, a copy of the within, and served a copy on Sandra R. Beckner, AUSA and Kristin Mattias, USPO on December 7, 2006.

/s/ Edward C. Roy, Esquire