**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-056S** |
| | : | |
| **TERRENCE GREENE** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### INTRODUCTION

Defendant Terrence Greene requests that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Defendant argues that a combination of circumstances such as an impoverished upbringing and the crack/powder disparity in the guidelines entitles him to a sentence below the 262 to 327 month range found by the United States Probation Department. The government disagrees.

### LAW

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted.

A. Departures

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. See United States v. Dethlefs, 123 F.3d 39, 44 (1st Cir. 1997). Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may

depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996).

B. Variances

After Booker, "[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). However, ". . . reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." Id.

In this Circuit, the guidelines are "more than just 'one factor among many,'" they are the "proper starting point for post-Booker sentencing, and . . . the proponent of a variance [has] to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)). In deciding whether to vary from the guideline range, District Courts must consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature,

seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns. See Jimenez-Beltre, 440 F.3d at 518-19.

**ARGUMENT**

A. Poverty

Defendant asks this Court for leniency based on his impoverished background and the fact that his mother was a drug abuser. However, "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. § 5H1.12. In U.S.S.G. § 5K2.0(d), "Prohibited Departures," the guidelines provide that "the court may not depart from the applicable guideline range based on . . . 5H1.2 (Lack of Guidance as a Youth and Similar Circumstances)."

B. Disparity Between Crack Cocaine and Powder Cocaine

Defendant argues that he should receive a departure because of the "severity of the crack cocaine guidelines." As the First Circuit recently held in United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006), "Booker established that a district court may

exercise discretion in fashoning sentences - but that discretion was meant to operate only within the ambit of the individualized factors spelled out in section 3553(a)." The sentencing court is not free to downwardly depart based on a disagreement with the policy choice made by Congress in establishing a 100:1 crack-to-powder ratio. See Pho, 433 F.3d at 65.

C. Prior Convictions

The final point defendant asks the court to consider is the fact that his prior drug convictions involved small amounts of drugs. First, it is not evident from the PSR what quantity of drugs was involved in the two predicate offenses, or what the defendant means by "small." But more importantly, such a consideration is not a basis for a departure under the guidelines, and not the type of consideration that takes this case outside the "heartland" of cases. See Jimenez-Beltre, 440 F.3d at 520 ("it was enough to adhere to the guidelines sentence that the predicate conviction was for felony drug dealing and carried a sentence Of the requisite length.").

Within the last eleven years, the defendant has been convicted of narcotics trafficking on three separate occasions. For these three convictions he received a total sentence of imprisonment of 28 years, yet he has served only 36 months in prison for his drug dealing. His narcotics convictions are interspersed with numerous other convictions. In short, while defendant may have been caught dealing "small" quantities of

drugs, his criminal history indicates that he is an individual who has made a life out of crime.

Leniency has not worked with the defendant. He apparently does not appreciate the wrongfulness of dealing even "small" amounts of drugs. The defendant's narcotics trafficking convictions clearly fit within Congress's definition of a predicate offense for the career offender provisions, and the defendant has truly made a career out of crime. His case is within the "heartland" of cases contemplated by the guidelines. There is no reason why the defendant should not be sentenced according to the career offender provisions.

D. Combination of Factors

The government has argued that none of the alleged grounds put forth by the defendant warrants a departure. Even if this Court considers the grounds in toto, departure is not warranted since the case is not "exceptional" nor is each characteristic "present to a substantial degree." USSG § 5K2.0(c)(1) and (2).

E. Variance

Contrary to the admonition in Jimenez-Beltre that the proponent of a variance has to provide support for a sentence below the advisory guideline range, defendant has provided no support for such a decision. His family situation and upbringing were no more difficult than that faced by most defendants prosecuted for narcotics violations. However, his criminal history is far worse than most defendants appearing before this

Court. Throughout his life the defendant has shown blatant disregard for the law, and has proven himself time and again to be a threat to society. In sum, the defendant has demonstrated no personal characteristics, no facts about the crime, nor any other grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a).

**CONCLUSION**

For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2006, I caused the within "Government's Sentencing Memorandum" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Notification by first class mail, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj