AmUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-056 S

TERRENCE GREENE :

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

NOW comes the undersigned, as counsel for the defendant, Terrence Greene, and hereby files with the Court the following Supplemental Sentencing Memorandum.

**1. 18 U.S.C. § 3553**

The decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), directs that a sentencing court look at the various sentencing factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The factors set forth in 18 U.S.C. § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) (B) to afford adequate deterrence to criminal conduct;
( C ) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

manner;

(3) The kids of sentences available;

(4) the kinds of sentence and the sentencing range established for -- ***

18 U.S.C. § 3553(a)

**2. Nature and circumstances of the offense**

In this case, the PSR determines that the defendant is a career offender. PSR, at ¶ 20. The defendant concedes that, under the terms of U.S.S.G. § 4B1.1, he qualifies as a career offender. The court should, however, under 18 U.S.C. § 3553(a) look at the nature of the prior convictions.

N2/95-0305 involves a sale of $20 worth of crack cocaine. (Police reports are attached hereto as Exhibit A.) N2/97-117 involves $20 worth of crack cocaine. (Police reports are attached hereto as Exhibit B). N2/2000-309 involves $100 worth of crack cocaine. (Police reports are attached hereto as Exhibit C.)

The defendant's career offender qualifying predicates involve a total of $140 worth of crack cocaine. The defendant is a low-level street dealer, not a "kingpin". While the defendant obviously presents some danger to the community as he has been involved, the sentence called for under the guidelines, some 262 months, or nearly 22 years, in prison, is grossly out of proportion with the harm presented by the defendant. For instance, a "kingpin" dealer, who had two state convictions for dealing large amounts of powder cocaine, but who had provided the state authorities with cooperation resulting in short sentences, and who was arrested and charged in federal court with an ounce of crack cocaine would face the same sentence as the defendant, whose priors and counts of conviction involve much smaller amounts of drugs. Certainly, the

Court can look at the fact that the defendant's priors involve street sales in determining whether the sentence called for by the advisory guidelines is appropriate in this case. See United States v. Pho, 433 F. 3d 53, 64 (1st. Cir. 2006) ( Court may consider nature of substance and length of sentence called for by advisory guidelines on a case-by-case basis).

TERRENCE GREENE,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281 (401) 528-4285
edward_roy@fd.org

**CERTIFICATION**

I hereby certify that I filed, by electronic case filing, a copy of the within, and served a copy on Sandra R. Beckner, AUSA and Kristin Mattias, USPO on the 15th day of December, 2006.

/s/ Edward C. Roy, Esquire