Office of the Attorney General
Washington, D.C. 20530

September 22, 2003

TO: All Federal Prosecutors

FROM: John Ashcroft
Attorney General

SUBJECT: Department Policy Concerning Charging Criminal Offenses, Disposition of Charges, and Sentencing

INTRODUCTION

The passage of the Sentencing Reform Act of 1984 was a watershed event in the pursuit of fairness and consistency in the federal criminal justice system. With the Sentencing Reform Act's creation of the United States Sentencing Commission and the subsequent promulgation of the Sentencing Guidelines, Congress sought to "provide certainty and fairness in meeting the purposes of sentencing." 28 U.S.C. § 991(b)(1)(B). In contrast to the prior sentencing system – which was characterized by largely unfettered discretion, and by seemingly severe sentences that were often sharply reduced by parole – the Sentencing Reform Act and the Sentencing Guidelines sought to accomplish several important objectives: (1) to ensure honesty and transparency in federal sentencing; (2) to guide sentencing discretion, so as to narrow the disparity between sentences for similar offenses committed by similar offenders; and (3) to provide for the imposition of appropriately different punishments for offenses of differing severity.

With the passage of the PROTECT Act earlier this year, Congress has reaffirmed its commitment to the principles of consistency and effective deterrence that are embodied in the Sentencing Guidelines. The important sentencing reforms made by this legislation will help to ensure greater fairness and to eliminate unwarranted disparities. These vital goals, however, cannot be fully achieved without consistency on the part of federal prosecutors in the Department of Justice. Accordingly, it is essential to set forth clear policies designed to ensure that all federal prosecutors adhere to the principles and objectives of the Sentencing Reform Act, the PROTECT Act, and the Sentencing Guidelines in their charging, case disposition, and sentencing practices.

The Department has previously issued various memoranda addressing Department policies with respect to charging, case disposition, and sentencing. Shortly after the constitutionality of the Sentencing Reform Act was sustained by the Supreme Court in 1989, Attorney General Thornburgh issued a directive to federal prosecutors to ensure that their practices were consistent with the principles of equity, fairness, and uniformity. Several years

later, Attorney General Reno issued additional guidance to address the extent to which a prosecutor's individualized assessment of the proportionality of particular sentences could be considered.

The recent passage of the PROTECT Act emphatically reaffirms Congress' intention that the Sentencing Reform Act and the Sentencing Guidelines be faithfully and consistently enforced. It is therefore appropriate at this time to re-examine the subject thoroughly and to state with greater clarity Department policy with respect to charging, disposition of charges, and sentencing. One part of this comprehensive review of Department policy has already been completed: on July 28, 2003, in accordance with section 401(*l*)(1) of the PROTECT Act, I issued a Memorandum that specifically and clearly sets forth the Department's policies with respect to sentencing recommendations and sentencing appeals. The determination of an appropriate sentence for a convicted defendant is, however, only half of the equation. The fairness Congress sought to achieve by the Sentencing Reform Act and the PROTECT Act can be attained only if there are fair and reasonably consistent policies with respect to the Department's decisions concerning what charges to bring and how cases should be disposed. Just as the sentence a defendant receives should not depend upon which particular judge presides over the case, so too the charges a defendant faces should not depend upon the particular prosecutor assigned to handle the case.

Accordingly, the purpose of this Memorandum is to set forth basic policies that all federal prosecutors must follow in order to ensure that the Department fulfills its legal obligation to enforce faithfully and honestly the Sentencing Reform Act, the PROTECT Act, and the Sentencing Guidelines. This memorandum supersedes all previous guidance on this subject.

## I. Department Policy Concerning Charging and Prosecution of Criminal Offenses

### A. General Duty to Charge and to Pursue the Most Serious, Readily Provable Offense in All Federal Prosecutions

It is the policy of the Department of Justice that, in all federal criminal cases, federal prosecutors must charge and pursue the most serious, readily provable offense or offenses that are supported by the facts of the case, except as authorized by an Assistant Attorney General, United States Attorney, or designated supervisory attorney in the limited circumstances described below. The most serious offense or offenses are those that generate the most substantial sentence under the Sentencing Guidelines, unless a mandatory minimum sentence or count requiring a consecutive sentence would generate a longer sentence. A charge is not "readily provable" if the prosecutor has a good faith doubt, for legal or evidentiary reasons, as to the Government's ability readily to prove a charge at trial. Thus, charges should not be filed simply to exert leverage to induce a plea. Once filed, the most serious readily provable charges may not be dismissed except to the extent permitted in Section B.

**B. Limited Exceptions**

The basic policy set forth above requires federal prosecutors to charge and to pursue all charges that are determined to be readily provable and that, under the applicable statutes and Sentencing Guidelines, would yield the most substantial sentence. There are, however, certain limited exceptions to this requirement:

1. ***Sentence would not be affected.*** First, if the applicable guideline range from which a sentence may be imposed would be unaffected, prosecutors may decline to charge or to pursue readily provable charges. However, if the most serious readily provable charge involves a mandatory minimum sentence that exceeds the applicable guideline range, counts essential to establish a mandatory minimum sentence must be charged and may not be dismissed, except to the extent provided elsewhere below.

2. ***"Fast-track" programs.*** With the passage of the PROTECT Act, Congress recognized the importance of early disposition or "fast-track" programs. Section 401(m)(2)(B) of the Act instructs the Sentencing Commission to promulgate, by October 27, 2003, a policy statement authorizing a downward departure of not more than 4 levels "pursuant to an early disposition program *authorized by the Attorney General* and the United States Attorney." Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003) (emphasis added). Although the PROTECT Act requirement of Attorney General authorization only applies by its terms to fast-track programs that rely on downward departures, the same requirement will also apply, as a matter of Department policy, to any fast-track program that relies on "charge bargaining" — *i.e.*, an expedited disposition program whereby the Government agrees to charge less than the most serious, readily provable offense. Such programs are intended to be exceptional and will be authorized only when clearly warranted by local conditions within a district. The specific requirements for establishing and implementing a fast-track program are set forth at length in the Department's "Principles for Implementing An Expedited or Fast-Track Prosecution Program." In those districts where an approved "fast-track" program has been established, charging decisions and disposition of charges must comply with those Principles and with the other requirements of the approved fast-track program.

3. ***Post-indictment reassessment.*** In cases where post-indictment circumstances cause a prosecutor to determine in good faith that the most serious offense is not readily provable, because of a change in the evidence or some other justifiable reason (*e.g.*, the unavailability of a witness or the need to protect the identity of a witness until he testifies against a more significant defendant), the prosecutor may dismiss the charge(s) with the written or otherwise documented approval of an Assistant Attorney General, United States Attorney, or designated supervisory attorney.

4. ***Substantial assistance.*** The preferred means to recognize a defendant's substantial assistance in the investigation or prosecution of another person is to charge the most serious readily provable offense and then to file an appropriate motion or motions under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal Rule of Procedure 35(b).

However, in rare circumstances, where necessary to obtain substantial assistance in an important investigation or prosecution, and with the written or otherwise documented approval of an Assistant Attorney General, United States Attorney, or designated supervisory attorney, a federal prosecutor may decline to charge or to pursue a readily provable charge as part of plea agreement that properly reflects the substantial assistance provided by the defendant in the investigation or prosecution of another person.

**5.** ***Statutory enhancements.*** The use of statutory enhancements is strongly encouraged, and federal prosecutors must therefore take affirmative steps to ensure that the increased penalties resulting from specific statutory enhancements, such as the filing of an information pursuant to 21 U.S.C. § 851 or the filing of a charge under 18 U.S.C. § 924(c), are sought in all appropriate cases. As soon as reasonably practicable, prosecutors should ascertain whether the defendant is eligible for any such statutory enhancement. In many cases, however, the filing of such enhancements will mean that the statutory sentence exceeds the applicable Sentencing Guidelines range, thereby ensuring that the defendant will not receive any credit for acceptance of responsibility and will have no incentive to plead guilty. Requiring the pursuit of such enhancements to trial in every case could therefore have a significant effect on the allocation of prosecutorial resources within a given district. Accordingly, an Assistant Attorney General, United States Attorney, or designated supervisory attorney may authorize a prosecutor to forego the filing of a statutory enhancement, but *only* in the context of a negotiated plea agreement, and subject to the following additional requirements:

a. Such authorization must be written or otherwise documented and may be granted only after careful consideration of the factors set forth in Section 9-27.420 of the United States Attorneys' Manual. In the context of a statutory enhancement that is based on prior criminal convictions, such as an enhancement under 21 U.S.C. § 851, such authorization may be granted only after giving particular consideration to the nature, dates, and circumstances of the prior convictions, and the extent to which they are probative of criminal propensity.

b. A prosecutor may forego or dismiss a charge of a violation of 18 U.S.C. § 924(c) only with the written or otherwise documented approval of an Assistant Attorney General, United States Attorney, or designated supervisory attorney, and subject to the following limitations:

(i) In all but exceptional cases or where the total sentence would not be affected, the first readily provable violation of 18 U.S.C. § 924(c) shall be charged and pursued.

(ii) In cases involving three or more readily provable violations of 18 U.S.C. § 924(c) in which the predicate offenses are crimes of violence, federal prosecutors shall, in all but exceptional cases, charge and pursue the first two such violations.

**6.** *Other Exceptional Circumstances.* Prosecutors may decline to pursue or may dismiss readily provable charges in other exceptional circumstances with the written or otherwise documented approval of an Assistant Attorney General, United States Attorney, or designated supervisory attorney. This exception recognizes that the aims of the Sentencing Reform Act must be sought without ignoring the practical limitations of the federal criminal justice system. For example, a case-specific approval to dismiss charges in a particular case might be given because the United States Attorney's Office is particularly over-burdened, the duration of the trial would be exceptionally long, and proceeding to trial would significantly reduce the total number of cases disposed of by the office. However, such case-by-case exceptions should be rare; otherwise the goals of fairness and equity will be jeopardized.

## II. Department Policy Concerning Plea Agreements

### A. Written Plea Agreements

In felony cases, plea agreements should be in writing. If the plea agreement is not in writing, the agreement should be formally stated on the record. Written plea agreements will facilitate efforts by the Department of Justice and the Sentencing Commission to monitor compliance by federal prosecutors with Department policies and the Sentencing Guidelines. The PROTECT Act specifically requires the court, after sentencing, to provide a copy of the plea agreement to the Sentencing Commission. 28 U.S.C. § 994(w). Written plea agreements also avoid misunderstandings with regard to the terms that the parties have accepted.

### B. Honesty in Sentencing

As set forth in my July 28, 2003 Memorandum on "Department Policies and Procedures Concerning Sentencing Recommendations and Sentencing Appeals," Department of Justice policy requires honesty in sentencing, both with respect to the facts and the law:

> Any sentencing recommendation made by the United States in a particular case must honestly reflect the totality and seriousness of the defendant's conduct and must be fully consistent with the Guidelines and applicable statutes and with the readily provable facts about the defendant's history and conduct.

This policy applies fully to sentencing recommendations that are contained in plea agreements. The July 28 Memorandum further explains that this basic policy has several important implications. In particular, if readily provable facts are relevant to calculations under the Sentencing Guidelines, the prosecutor must disclose them to the court, including the Probation Office. Likewise, federal prosecutors may not "fact bargain," or be party to any plea agreement that results in the sentencing court having less than a full understanding of all readily provable facts relevant to sentencing.

The current provision of the United States Attorneys' Manual that addresses charging policy and that describes the circumstances in which a less serious charge may be appropriate includes the admonition that "[a] negotiated plea which uses any of the options described in this section must be made known to the sentencing court." *See* U.S.A.M. § 9-27.300(B); *see also* U.S.A.M. § 9-27.400(B) ("it would be improper for a prosecutor to agree that a departure is in order, but to conceal the agreement in a charge bargain that is presented to a court as a fait accompli so that there is neither a record of nor judicial review of the departure"). Although this Memorandum by its terms supersedes prior Department guidance on this subject, it remains Department policy that the sentencing court should be informed if a plea agreement involves a "charge bargain." Accordingly, a negotiated plea that uses any of the options described in Section I(B)(2), (4), (5), or (6) must be made known to the court at the time of the plea hearing and at the time of sentencing, *i.e.*, the court must be informed that a more serious, readily provable offense was not charged or that an applicable statutory enhancement was not filed.

### C. <u>Charge Bargaining</u>

Charges may be declined or dismissed pursuant to a plea agreement only to the extent consistent with the principles set forth in Section I of this Memorandum.

### D. <u>Sentence Bargaining</u>

There are only two types of permissible sentence bargains.

**1.** ***Sentences within the Sentencing Guidelines range.*** Federal prosecutors may enter into a plea agreement for a sentence that is within the specified guideline range. For example, when the Sentencing Guidelines range is 18-24 months, a prosecutor may agree to recommend a sentence of 18 or 20 months rather than to argue for a sentence at the top of the range. Similarly, a prosecutor may agree to recommend a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 if the prosecutor concludes in good faith that the defendant is entitled to the adjustment.

**2.** ***Departures.*** In passing the PROTECT Act, Congress has made clear its view that there have been too many downward departures from the Sentencing Guidelines, and it has instructed the Commission to take measures "to ensure that the incidence of downward departures [is] substantially reduced." Pub. L. No. 108-21, § 401(m)(2)(A), 117 Stat. 650, 675 (2003). The Department has a duty to ensure that the circumstances in which it will request or accede to downward departures in the future are properly circumscribed.

Accordingly, federal prosecutors must not request or accede to a downward departure except in the limited circumstances specified in this memorandum and with authorization from an Assistant Attorney General, United States Attorney, or designated supervisory attorney. Likewise, except in such circumstances and with such authorization, prosecutors may not simply stand silent when a downward departure motion is made by the defendant.

An Assistant Attorney General, United States Attorney, or designated supervisory attorney may authorize a prosecutor to request or accede to a downward departure at sentencing only in the following circumstances:

**a.** ***Substantial assistance.*** Section 5K1.1 of the Sentencing Guidelines provides that, upon motion by the Government, a court may depart from the guideline range. A substantial assistance motion must be based on assistance that is *substantial* to the Government's case. It is not appropriate to utilize substantial assistance motions as a case management tool to secure plea agreements and avoid trials.

**b.** ***"Fast-track" programs.*** Federal prosecutors may support a downward departure to the extent consistent with the Sentencing Guidelines and the Attorney General's "Principles for Implementing An Expedited or Fast-Track Prosecution Program." The PROTECT Act specifically recognizes the importance of such programs by requiring the Sentencing Commission to promulgate a policy statement specifically authorizing such departures.

**c.** ***Other downward departures.*** As set forth in my July 28 Memorandum, "[o]ther than these two situations, however, Government acquiescence in a downward departure should be, as the Sentencing Guidelines Manual itself suggests, a "rare occurenc[e]." *See* U.S.S.G., Ch. 1, Pt. A, ¶ (4)(b). Prosecutors must affirmatively oppose downward departures that are not supported by the facts and the law, and must not agree to "stand silent" with respect to such departures. In particular, downward departures that would violate the specific restrictions of the PROTECT Act should be vigorously opposed.

Moreover, as stated above, Department of Justice policy requires honesty in sentencing. In those cases where federal prosecutors agree to support departures, they are expected to identify departures for the courts. For example, it would be improper for a prosecutor to agree that a departure is warranted, without disclosing such agreement, so that there is neither a record of nor judicial review of the departure.

In sum, plea bargaining must honestly reflect the totality and seriousness of the defendant's conduct, and any departure must be accomplished through the application of appropriate Sentencing Guideline provisions.

<u>CONCLUSION</u>

Federal criminal law and procedure apply equally throughout the United States. As the sole federal prosecuting entity, the Department of Justice has a unique obligation to ensure that all federal criminal cases are prosecuted according to the same standards. Fundamental fairness requires that all defendants prosecuted in the federal criminal justice system be subject to the same standards and treated in a consistent manner.

cc: The Acting Deputy Attorney General
The Associate Attorney General
The Solicitor General
The Assistant Attorney General, Criminal Division
The Assistant Attorney General, Antitrust Division
The Assistant Attorney General, Civil Rights Division
The Assistant Attorney General, Environment and Natural Resources Division
The Assistant Attorney General, Tax Division
The Assistant Attorney General, Civil Division
The Director, Executive Office of United States Attorneys