UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-056 S

TERRENCE GREENE :

**DEFENDANT'S MEMORANDUM IN RESPONSE TO GOVERNMENT'S MOTION TO RECONSIDER**

The defendant submits the following memorandum in response to the Government's motion to reconsider the Court's January 18, 2007 order.

The defendant takes the position that the Court may consider any information that it deems appropriate in imposing sentence. The information sought by the Court is simply aimed at imposing a sentence that comports with 18 U.S.C. § 3553.

If the Government successfully avoids providing the information subject to the Court's January 18, 2007 order, the bulk of the information sought will be available through the Office of Probation. The Court stated in the January 18 colloquy with the parties that information had been sought from Probation. In the six days that elapsed before the Government filed its motion to reconsider, the Federal Public Defender's Office began to assemble information for the

Court, as the undersigned had pledged. The Court should note that the Federal Defender's Office has considerably less resources than the Office of the United States Attorney. At the current time, among three lawyers, the office has ninety open cases. The burden on the Office of the Federal Public Defender is even more considerable. The same could be said of the Office of Probation. To date, no one at the Probation Office has complained about the burden associated with complying with the Court's order.

1. Applicable Law

The Government has correctly pointed out that, as of the date of the filing of the motion to reconsider, no motion had been filed by Mr. Greene complaining of selective prosecution. Mr. Greene did file a sentencing memorandum which argued that the "smallness" of his prior convictions justified a sentence lower than the applicable guidelines. Defendant's Sentencing Memorandum, at 2-3. Given the length of Mr. Greene's advisory guideline sentence, which was increased significantly because of the filing of an Information under 21 U.S.C. § 851, there is no reason why the Court should not look at the bases underlying 21 U.S.C. § 851 informations in the District of Rhode Island.

The Government cites United States v. Labonte, 520 U.S. 751 (1997) as support for the overarching argument that prosecutorial discretion is something

that can never result in a disparity that a court can remedy. Government Memo, at 5-6. The portion of the Labonte opinion cited by the Government is really collateral to the main issue in the case-which of two conflicting interpretations of Guideline Amendment 506. The issue of enhancements under 21 U.S.C. § 851 is only mentioned in passing near the end of the majority opinion.

The Government's reliance on the two decisions of the United States Supreme Court, United States v. Armstrong, 517 U.S. 456 (1996) and United States v. Bass, 536 U.S. 862 (2002), is, therefore, misplaced. There is a great distinction between information sought by the defendant and information sought by the Court. See 18 U.S.C. § 3661.

In a similar fashion, the Government's citation to United Stats v. Pho, 433 F. 3d 53 (2006) is not persuasive. In the penultimate paragraph of the opinion, the Court of Appeals stated that, while overturning what was characterized as a "categorical" rejection of the guidelines for crack cocaine, the Court of Appeals in Pho did not

> intend to diminish the discretion that, after *Booker*, district courts enjoy in sentencing matters or to suggest that, in a drug trafficking case, the nature of the contraband and/or the severity of a projected guideline sentence may not be taken into account on a case-by-case basis.

United States v. Pho, 433 F. 3d 53, 65.

Arguably, a district judge could consider the severity of the guideline range resulting from the filing of a 21 U.S.C. § 851 enhancement where the amount of cocaine base involved was small, the defendant's prior offense was relatively minor and the defendant's background was somewhat sympathetic. If within a group of cases, several eligible defendants with more severe records and more severe relevant conduct are not subject to 851 enhancements, one could make an argument that an unfair disparity exists.

As the Government concedes, the Court seeks the information on 851 Information filing practices to determine if an "unwarranted disparity" exists. Government Memo, at 4. If the results of the Court's inquiry, whether those results ultimately come from the Office of the United States Attorney, the Office of Probation or the Office of the Federal Public Defender, demonstrate no racial inequality, then so be it. If racial bias does exist, then the Court, and the Office of the United States Attorney, have a duty to address that type of disparity. The problem with the Government's position as expressed in its Memorandum is that the position seems to be there can be no mistakes made. Until the Court is satisfied with its own inquiry, no conclusions can be drawn.

In sum, the Court's order, while burdensome to all parties, makes sense simply because the Court sees a need to review the requested information. It makes no sense to proceed to this defendant's sentencing, where he faces a guide-line sentence of at least 262 months, where the Court has a question concerning the effect of 851 informations. The interests of justice demand that the Court not reconsider its order of January 18, 2007.

Terrence Greene,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

## CERTIFICATION

I hereby certify that I had a copy of the within served on Sandra R. Beckner, AUSA and Donald Lockhart, AUSA by way of ECF case filing on January 31, 2007.

/s/ Edward C. Roy, Esquire