**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-056S** |
| | : | |
| **TERRENCE GREENE** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

In a seven-line motion, the defendant requests production of documents naming each defendant who was eligible for an enhancement pursuant to 21 U.S.C. § 851 by virtue of having a conviction for simple possession of a controlled substance. Put another way, the defendant requests that the Court order the government to disclose information this Court has already decided it would not order disclosed. For the reasons already briefed in the Government's Motion to Reconsider January 18, 2007 Order (Attachment 1), the Court should deny the defendant's request.

As stated in the Government's Motion to Reconsider, to obtain a court order compelling the government to produce the documents sought, the defendant must allege that the government's § 851 charging decision was motivated by an unconstitutional purpose. Then, the defendant must support his claim by "some evidence" of a discriminatory effect and a discriminatory intent. (Attachment 1, pp. 2-3); see United States v. Armstrong, 517 U.S. 456, 459-470 (1996); United States v. Bass, 536 U.S. 862, 863-864 (2002) (applying Armstrong to sentencing-related filings). In

short, as already briefed by the government, the defendant has not met his burden.

In his request, the defendant cites to Brady v. Maryland, 373 U.S. 83 (1963) yet provides no legal basis for the Court to conclude that Brady trumps Armstrong and Bass. The Court in Brady held that the prosecution was required to disclose evidence favorable to the defense when such evidence is material to guilt or punishment. Id. at 90-91. In that case, the government failed to disclose a confession obtained from one of the defendant's accomplices. Id. at 84. The defendant was granted a new trial with respect to his punishment because the undisclosed confession was material to the question of punishment. Id. at 90-91.

In the case at hand, the information sought by the defendant is not favorable to him, nor is it material to the question of his punishment. In fact, the information he seeks has nothing to do with his case either at the guilt phase or the sentencing phase. No one is questioning the defendant's guilt, because he plead guilty, or his prior convictions; the only issue that could arguably be raised by the information the defendant seeks is why the government filed an information pursuant to 21 U.S.C. § 851 against this defendant and not other defendants. That is, the only manner in which the documents sought by the defendant have a direct impact upon his case would be to claim selective

prosecution, but he has not met his burden under Armstrong to obtain such documents. See Armstrong, 517 U.S. at 459-470.

In addition, courts have held that if the information is available to the defense from other sources or the defense already possesses the information, Brady does not require the government to disclose the information. See e.g., United States v. Irizarry, 404 F.3d 497, 501 (1st Cir. 2005) (no Brady violation because the defendant could have discovered an exculpatory statement that was referred to in several reported cases through due diligence); United States v. Bender, 304 F.3d 161, 164 (1st Cir. 2002)(no Brady violation when government disclosed witness's mental health problems late because defense was aware of the witness's mental health history); United States v. Middlemiss, 217 F.3d 112, 123 (2d Cir. 2000)(no Brady violation when government failed to disclose a memo of an interview with a witness because the witness was a defense witness and defendants were aware of his possible exculpatory testimony).

The defense counsel stated at the hearing on January 18, 2007 that he would be able to obtain the information he is now requesting from the government through his own records. (Attachment 2, pp. 9-10). He then reaffirmed the position in his Memorandum in Response to Government's Motion to Reconsider claiming that he would be able to obtain the information through

his own records or from the Office of Probation. (Attachment 3, pp. 1-2; Attachment 2, pp. 9-10). Even if the requested information were somehow favorable to the defendant and material to punishment, the government does not have to provide the defendant with information he has alternative means of obtaining.

As a final matter, the defendant requests the production of the documents pursuant to Federal Rule of Criminal Procedure 16(d)(1). Rule 16(d)(1), however, is inapposite; it deals with protective orders and how the Court can restrict discovery. See Fed.R.Cr.P. 16(d)(1); see also Armstrong, 517 U.S. at 460 (holding that Fed.R.Cr.P. 16 provided the defendant with access to documents that are material to a defense against the government's case in chief). The defendant does not explain how this rule is applicable to his request, nor can the government fathom its applicability.

For the foregoing reasons, this Court should deny the defendant's request for production of documents.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel401709-5000/Fax401709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On February 26, 2007, I caused the within "Government's Response to Defendant's Request for Production of Documents" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj