UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-056 S

TERRENCE GREENE :

**DEFENDANT'S MOTION TO DISMISS**
**21 U.S.C. § 851 INFORMATION**

______NOW comes the defendant and moves to dismiss the 851 Information filed in this case by the Government. The defendant maintains that the filing of the 851 Information in this case violates his right to indictment as contained in the Fifth Amendment to the United States Constitution. In further support of this motion, the defendant hereby incorporates by reference the attached Memorandum of Law in Support of Motion to Dismiss.

TERRENCE GREENE,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

**CERTIFICATION**

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA on the 16th day of March, 2007 by way of ECF case filing.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-056 S

TERRENCE GREENE :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS 21 U.S.C. § 851 INFORMATION**

The defendant has moved to dismiss the 851 Information filed in this case by the Government. The defendant maintains that the filing of the 851 Information in this case violates his right to indictment as contained in the Fifth Amendment to the United States Constitution.

## I. The Prior Convictions Used To Enhance The Defendant's Sentence Must Be Included In The Indictment

### A. The Fifth Amendment Right To Indictment Includes Aggravating Factors, Including Prior Convictions.

The Fifth Amendment to the United States Constitution requires that "[n]o person shall be held to answer for a capital , or otherwise infamous crime, unless on a presentment or indictment of Grand Jury...".

In the instant case, the filing of the 851 Information is a significant aggravating factor, one that dramatically changes both the mandatory minimum sentence and the guidelines which are applicable to this case. The right to be charged by way of Grand Jury indictment includes aggravating factors. United States v. Davis, 380 F. 3d 821 (5th Cir. 2004); see also Ring v. Arizona, 536 U.S. 584 (2002), ( Arizona state aggravating factors must be found by a jury or sixth amendment violation occurs).

**B. Under 21 U.S.C. § 851 A Conviction, Which Must Be Proven Beyond A Reasonable Doubt, Is An Aggravating Factor That Must Be Charged By Way Of Indictment**

An examination of the text of 21 U.S.C. § 851 reveals that, where a defendant objects to the use of a prior conviction, the Government must prove the conviction beyond a reasonable doubt. This statutory burden of proof requirement implicates both the Fifth and Sixth Amendments to the United States Constitution. Even if 21 U.S.C. § 851 did not mandate proof beyond a reasonable doubt, there exists strong support for the notion that prior convictions, which are elements of an offense that must be plead and proven.

The "prior conviction exception" in criminal law has existed for some time. See Almendarez-Torres v. United States, 523 U.S. 224 (1998). (Prior conviction was a penalty provision which need not be charged in indictment.) Almendarez-Torres was a close decision by the Supreme Court, 5 - 4.

In his concurring opinion in Shepard v. United States, 544 U.S. 13 (2005), Justice Thomas expressed the view that

> *Almendarez-Torres,* like *Taylo*r, has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. [citations omitted]

544 U.S., at 28.

More recently, Justice Thomas much more forcefully voiced his opposition to the continued application of the "prior conviction exception" in a dissent from the denial of a writ of certiorari in Juan Rangel-Reyes *et al* v. United States, ___ U.S. ___, 126 S. Ct. 2873, 165 L.Ed. 2d 910 ( June 12, 2006).

> Last Term, I indicated that the Court should address the ongoing validity of the *Almendarez-Torres* exception in an appropriate case. *Shepard, supra*, at 28, 125 S. Ct. 1254, 161 L. Ed. 2d 205. Petitioners, like many other criminal defendants, have done their part by Specifically presenting this Court with opportunities to reconsider *Almendarez-Torres.* It is time for this Court to do its part.
>
> The Court's duty to resolve this matter is particularly compelling because we are the only court authorized to do so. See *State Oil Co. v. Khan*, 522 U.S. 3, 20, 118 S. Ct. 275, 139 L. Ed. 2d 199 (1997) ("It is this Court's prerogative alone to overrule one of its precedents"). And until we do so, countless criminal defendants will be denied the full protection afforded by the Fifth and Sixth Amendments, notwithstanding the agreement of a majority of the Court that this result is unconstitutional. There is no good reason to allow such a state of affairs to persist.
>
> 165 L. Ed 2d , at 911-12.

While the defendant realizes that the First Circuit has bypassed the Almendarez-Torres argument in every case in which it has been raised, [1] this scenario is different because of the statute involved, 21 U.S.C. § 851.

The statutory framework outlined by 21 U.S.C. § 851 is distinguishable from those considered by the Supreme Court in both Almendarez-Torres and Shepard in that, if a defendant objects, the facts surrounding the proffered conviction must be proven beyond a reasonable doubt. Traditionally, sentencing factors must be proven by a mere preponderance of the evidence. The requirement that the 851 enhancement be proven beyond a reasonable doubt leads to the inescapable conclusion that, in this particular statutory framework, the prior conviction is indeed an element of the crime. It follows logically, then, that elements, as is the case with aggravating factors, must be pled in the indictment.

The decision to file, or not file, an 851 enhancement is one that is left to the complete

---

[1] See United States v. McKenney, 450 F. 3d 39, 45-46 (1st Cir. 2006)

discretion of the United States Attorney, or one of his assistants. The decision to file the enhancement has serious and far-reaching consequences, as noted by this Court in its order granting the Government's motion for reconsideration. See Order, at p. 2. In many cases, the decision to file an 851 is made at the outset of a case, without the prosecutor having the benefit of knowing all of the factors underlying a defendant's background, such as mental health history, job history, family history or his status as an abuser of drugs. In essence, by allowing a prosecutor to make the sentencing decision in a virtual vacuum, 21 U.S.C. § 851 trumps the analysis required of a sentencing court by 18 U.S.C. § 3553(a). As set out in the accompanying memorandum on the issue of 851 enhancements, there are several instances of defendants whose prior record includes only convictions for simple possession to be subjected to a doubled mandatory minimum by the filing of an 851 information. While requiring that a Grand Jury hear evidence as to a defendants prior convictions may not provide much more protection, it would be more protection against arbitrary, unprincipled decisions than exists at the present time.

## II. Conclusion

For the reasons set forth herein, the defendant respectfully requests that this Honorable Court dismiss the 851 Information in this case as the failure to include convictions in the indictment violates the Fifth Amendment to the United States Constitution.

TERRENCE GREENE,
By his attorney,

/s/ Edward C. Roy, Esquire
Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

**CERTIFICATION**

I hereby certify that I served a copy of the within on Sandra R. Beckner, AUSA on the 16th day of March, 2007 by way of ECF case filing.

/s/ Edward C. Roy, Esquire