UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-056 S

TERRENCE GREENE :

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM ON ISSUE OF 21 U.S.C. § 851 INFORMATIONS**

______In response to the Court's order of February 13, 2007, the defendant files this supplemental memorandum.

**1. Statistical Analysis**

Defense counsel requested that the Probation Office provide it with a copy of information that had been provided to the Court. A copy of the summary, dated February 1, 2007, is attached hereto as Exhibit A.

Defense counsel analyzed 42 cases. 28 of the cases were cases in which the defendant was eligible for a 21 U.S.C. § 851 enhancement, however, the Government did not file the information. 14 of the cases involved 851 informations which were filed by the Government. Defense counsel's analysis is attached as Exhibit B, along with enclosures.

The average sentence in crack cases, where the defendant was 851-eligible, but none was filed is 108.85 months. In crack cocaine cases where the prosecutor opted to file an 851 information, the average sentence climbed to 169.11 months, an increase of 64%. Without question, the filing of an 851 information dramatically increases the sentence that a defendant faces, particularly in crack cocaine cases, which appear to be the most commonly prosecuted

cases in the District of Rhode Island.

In the Court's order of February 13, 2007 the Court invited both the defendant and the Government to "examine sentencings since the Supreme Court's decision in Booker (January 12, 2005) and submit information relating to the filing and/or non-filing of § 851 enhancements. " In addition, the Court requested information on similarly-situated defendants who have been treated either consistently or inconsistently with respect to the filing of § 851 enhancements. February 13, 2007 Order, at 12.

In an effort to clarify this very important issue, defense counsel has elected to focus on some similarly-situated defendants, who appear to have been treated disparately. One of the key components in exercising discretion is whether or not to file a § 851 enhancement if the prior conviction involves simple possession of a controlled substance. Defense counsel is aware of two cases in which a defendant's prior 851 felony was simple possession of narcotics: Waskar Pena ( CR 05-137 T) [1] and Anthony Lipscomb ( CR 05-011 S).[2] Defense counsel is aware of two cases, Eric Perry ( CR 05-136 T)[3] and Joshua Cole,( CR 06-1-2 S )[4] where the defendants had a non-drug delivery drug felony, conspiracy to violate the uniformed controlled substances act (Perry) and three charges of simple possession (Cole). In both of these cases, no 851 information was filed. These cases obviously create a disparity between relatively similarly situated defendants.

---

[1] Mr. Pena's 851 Information is attached as Exhibit C.

[2] Mr. Lipscomb's 851 Information is attached as Exhibit D. .

[3] Mr. Perry's plea agreement, which refers to his conspiracy conviction is attached as Exhibit E.

[4] Mr. Cole's criminal record is attached as Exhibit F.

The government has yet to provide the court, or defense counsel, with anything which demonstrates the existence of intelligible standards by which decisions are made as to whether or not to file an 851 enhancement. From all that can be gleaned from the sentencing statistics compiled by the Probation Office, the decision as to whether or not to file an 851 information rests on purely subjective factors. While it may turn out at the end of the day that prosecutors are afforded unfettered discretion as to filing decision, the Court may still look to whether these decisions result in any kind of disparity. The extent of the variance, if any, the Court can make will depend upon the Court's analysis of both the 3553(a) factors applicable to a given defendant and the extent to which there exists any disparity among similarly situated defendants. Given the Government's decision to file an 851 information against Mr. Greene, obviously an examination of similarly situated defendants must begin with those defendants against whom 851 informations have been filed.

**2. <u>851 Defendants</u>**

Among defendants against whom 851 informations have been filed, the most analogous cases are Perry, Vanenburg, Rashid, Isler, Barnes and Marrow. ( See attached Exhibit B). The average sentence imposed for those five defendants is 150 months.

| Name of defendant | Sentence | Percentage of Guidelines |
|---|---|---|
| Joshua Perry | 120 months | 63% |
| Richard Vanenburg | 120 months | 100 |
| Bilal Rashid | 150 months | 71% |
| Charles Isler | 180 months | 68% |
| Dennis Marrow | 180 months | 68% |
| Average | 150 | 74% |

If the Court were to look at the statistics for the above noted five analogous cases as well as at Mr. Greene's sentencing range and factor into the equation both the relatively small amount of cocaine base involved in this case as well as the relatively small amounts involved in his prior convictions, a sentence at or near the mandatory minimum of 120 months is fair and reasonable. According to the PSR, Terrence Greene's sentencing range is 262 to 327 months. If the Court were to vary down 26% from the lowest range, the sentence would be 193.8 months. This figure is 43.8 months higher than the average of the five analogous cases and 73.8 months higher than the Perry sentence, which involved 60.47 grams of cocaine base. The relevant conduct in this case is a total of 51.4 grams of cocaine base. See PSR at ¶ 15. The defendants who received the longest sentences of the five analogous cases, Rashid, Isler and Marrow, all possessed from three to over four times as much cocaine base as did Terrence Greene.

This discussion highlights how the 851 information filing decision creates significant disparities among similarly situated defendants. If the Court were to compare defendants against whom the Government did not file an 851 information and compare sentences, the disparity is even more apparent. In non-851 cases, the average crack cocaine sentence is 108.85 months. One aspect of the disparity that exists within cocaine base/851 defendants is the fact that, at least to the knowledge of defense counsel, the government does not factor into its 851 decision making calculus either the amount of cocaine base in the count of conviction or the seriousness of the defendant's prior convictions.

**3. <u>Sentencing Recommendation</u>**

Defense counsel would respectfully recommend that the Court sentence the defendant to the mandatory minimum of 120 months. Defense counsel should note that simultaneously with the filing of this memorandum, the defendant is filing a motion to dismiss the 851 enhancement

on Fifth Amendment grounds. Should the Court grant that motion, defense counsel would be like to make a different sentencing recommendation.

Terrence Greene,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

**CERTIFICATION**

I certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA on the 16th day of March, 2007 by way of ECF case filing.

/s/ Edward C. Roy, Esquire