IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-06-056S |
| | : | |
| TERRENCE GREENE | : | |

GOVERNMENT'S RESPONSE TO "DEFENDANT'S SUPPLEMENTAL MEMORANDUM ON ISSUE OF 21 U.S.C. § 851 INFORMATIONS"

The defendant moves for a variance from the sentencing guideline range arguing that because a sentencing enhancement was filed in his case pursuant to 21 U.S.C. § 851, a guideline sentence results in an "unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct."[1] 18 U.S.C. § 3553(a)(6). The defendant's motion should be denied because the disparity in the guideline sentencing range created by the § 851 charging decision is not unwarranted within the meaning of § 3553(a)(6).

The disparity created by the filing of a § 851 information is the result of a policy choice by Congress and the exercise of prosecutorial discretion, neither of which provide a basis for a variance based upon an unwarranted disparity. See United States v. Labonte, 520 U.S. 751 (1997) ("Any disparity in the maximum statutory penalties between defendants who do and those who do not receive the notice [of an § 851 enhancement] is a forseeable-

[1] The defendant addressed other factors under § 3553(a) as a basis for variance in previous filings and the government responded to those arguments in its first sentencing memorandum.

but hardly improper-consequence of the statutory notice requirement.”); United States v. Roberson, 474 F.3d 432, 436-37 (7th Cir. 2007) (increased sentence resulting from § 924(c) charge is not a consideration under § 3553); United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006) (disparity between defendants prosecuted in jurisdictions with “fast-track” programs and those without does not render a sentence unreasonable); United States v. Clark, 434 F.3d 684, 687 (4th Cir. 2006) (disparity between state and federal sentences are not the type of disparities § 3553(a)(6) seeks to avoid); United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (“fast-track” programs); United States v. Pho, 433 F.3d 53, 64 (1st Cir. 2006); United States v. Caraballo, 447 F.3d 26, 27-28 (1st Cir.) (per curiam), cert. denied, 127 S. Ct. 298 (2006) (any disparity resulting from the application of the career offender guidelines was the result of policy choices by Congress and was properly rejected by the district court as a consideration under § 3553(a)(6)); United States v. Snyder, 136 F.3d 65, 69 (1st Cir. 1998) (state/federal disparity not a basis for departure).

Based upon the above-cited cases, the government contends, and even the defense seems to concede, the “examination of similarly situated defendants must begin with those defendants against whom 851 informations have been filed.” Defendant’s Supplemental Memorandum on Issue of 21 U.S.C. § 851 Informations,

p. 3. In other words, the relevant pool for comparison purposes is not all drug defendants but only those against whom a § 851 information has been filed.

The defendant, who has the burden to demonstrate that there is an unwarranted disparity, see United States v. Saez, 444 F.3d 15, 17-19 (1st Cir. 2006), identifies five defendants whom he claims are similarly situated. While it is not altogether clear why these five were selected, five examples, or even 50, are not statistically significant. See id. Furthermore, even amongst these five, the defendant has not engaged in a meaningful discussion of their prior records.

In addressing the type of disparity Congress sought to avoid, the First Circuit stated:

> Congress did aim to reduce the unwarranted disparity in sentencing for like crimes and criminals. But the aim was almost certainly at national uniformity focusing upon a common standard and looking to how most cases of the same kind were treated. Usually little is to be learned about national uniformity by pointing to the sentence of one other defendant.

Id.

The First Circuit discourages the use of the very sort of anecdotal evidence offered by the defendant in this case. To encourage comparisons between defendants "opens the door to endless rummaging by lawyers through sentences in other cases, each side finding random examples to support a higher or lower sentence, as their clients' interests dictate." Id. While the

court acknowledged that if the same judge sentences two identically situated defendants to substantially different terms some explanation may be required, the Court stated "[a]t the present time, the guidelines themselves are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." Id.; see United States v. Miller, 450 F.3d 270, 275-76 (1st Cir. 2006) ("'Sentencing disparities are at their ebb when the Guidelines are followed . . . . The more out-of-range sentences that judges impose after Booker, the more disparity there will be. A sentencing within a properly ascertained range therefore cannot be treated as unreasonable by reference to § 3553(a)(6).'").

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On March 30, 2007, I caused the within "Government's Response to "Defendant's Supplemental Memorandum on Issue of 21 U.S.C. § 851 Informations" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj