# News Release

**U.S. Sentencing Commission**
**One Columbus Circle NE**
**Washington, DC 20002-8002**

**For Immediate Release**
April 27, 2007

**Contact:** Michael Courlander
Public Affairs Officer
(202) 502-4597

# U.S. SENTENCING COMMISSION VOTES TO AMEND GUIDELINES FOR TERRORISM, SEX OFFENSES, INTELLECTUAL PROPERTY OFFENSES, AND CRACK COCAINE OFFENSES

WASHINGTON, D.C. (April 27, 2007) — The United States Sentencing Commission held its final public meetings for the 2006-2007 guideline amendment cycle, promulgating amendments to the federal sentencing guidelines today and on April 18, 2007, on several important issues. Among other actions, the Commission voted to promulgate and submit to Congress sentencing guideline amendments regarding offenses that include terrorism, sex offenses, and intellectual property offenses. It also took action to address sentencing disparities resulting from federal cocaine sentencing policies.

On April 18, 2007, the Commission voted to promulgate amendments that include –

- an amendment implementing provisions of the USA PATRIOT Improvement and Reauthorization Act of 2005 and the Department of Homeland Security Appropriations Act of 2007. The amendment establishes new guideline penalties for offenses created by the PATRIOT Reauthorization Act relating to (1) narco-terrorism, (2) smuggling of munitions or military equipment without the required validated export license, (3) mining of U.S. navigable waters, and (4) destroying or tampering with aids to maritime navigation. The amendment also addresses a new offense created by the Homeland Security Act pertaining to the construction, financing, or use of tunnels that cross the borders of the United States.

- a multi-part amendment implementing the Adam Walsh Child Protection and Safety Act of 2006. The amendment establishes guideline penalties for failure to register as a sex offender and provides significant sentencing enhancements if a defendant commits certain offenses after failing to register. Further, the amendment creates another guideline provision that provides additional punishment for certain aggravated offenses related to the requirement to register as a sex offender. This additional penalty would run consecutive to any sentence imposed for the failure to register offense or any sentence imposed for an enumerated underlying offense. The amendment also implemented other provisions of the Adam Walsh Act that provided enhanced penalties for sexual offenses.

- a temporary, emergency amendment that implemented a directive in the Stop Counterfeiting in Manufactured Goods Act regarding criminal infringement of copyright or trademark. Specifically, the amendment addresses convictions under 18 U.S.C. § 2318 (trafficking in counterfeit labels) and 18 U.S.C. § 2320 (trafficking in counterfeit goods or services). These offenses involve trafficking in counterfeit labels that are not affixed to goods. The amendment provides for increased sentences based on the retail value of the genuine good that the counterfeit label would help imitate if the label's use would lead a reasonably informed purchaser to believe that the counterfeit good was an identifiable, genuine good. The amendment also provides increased sentences for cases involving use of a circumvention device under 7 U.S.C. §§ 1201 and 1204. Circumvention devices would include "mod" chips that allow game consoles to play pirated games. The amendment includes a specific sentencing enhancement for trafficking in such items.

- emergency and permanent amendments implementing a directive in the Telephone Records and Privacy Protection Act of 2006. This Act creates a new offense at 18 U.S.C. § 1039 making it a crime to knowingly and falsely obtain confidential telephone records. The Commission implemented the directive by incorporating this new offense into an existing guideline covering other private or protected information (§2H3.1).

- revisions to how a defendant's criminal history score is computed for certain minor offenses.

- guidance on motions by the Bureau of Prisons for reductions in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

At its April 18, 2007, public meeting, the Commission also announced its intention to form a standing victims advisory group to provide the Commission with input regarding federal crime victimization.

In addition to those earlier actions, the Commission unanimously announced today that it will submit to Congress on or before May 15, 2007, a report on federal cocaine sentencing policy. The report will set forth current data and information that continue to support the Commission's consistently held position that the 100-to-1 crack-powder drug quantity ratio significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere. The Commission also will make recommendations to Congress in the report for modifications to the statutory penalties for crack cocaine offenses. At today's meeting, the Commission expressed its firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 crack-powder drug quantity ratio.

The Commission also voted today to promulgate an amendment that modifies the penalties for crack cocaine offenses. The Commission described the problems associated with the 100-to-1 drug quantity ratio as so urgent and compelling that it promulgated the guideline amendment as a measure to alleviate some of those problems.

The statutory penalties for crack cocaine offenses require a five-year mandatory minimum sentence for a first-time trafficking offense involving 5 grams or more of crack cocaine, and a ten-year mandatory minimum penalty for a first-time trafficking offense involving 50 grams or more of crack cocaine. When Congress established these penalties in 1986, the Commission responded by incorporating the statutory mandatory minimum sentences into the guidelines to provide guideline sentencing ranges that are above the statutory mandatory minimum penalties. First-time offenses involving 5 grams or more of crack cocaine receive a sentencing guideline range of 63 to 78 months, and first-time offenses involving 50 grams or more of crack cocaine receive a sentencing guideline range of 121 to 151 months, before accounting for other relevant factors under the guidelines.

The Commission's amendment modifies the guideline drug quantity thresholds to provide guideline sentencing ranges that include the statutory mandatory minimum penalties for crack cocaine offenses. Accordingly, under the amendment, a first-time trafficking offense involving 5 grams of crack cocaine will receive a guideline sentencing range of 51 to 63 months, and a first-time trafficking offense involving 50 grams or more of crack cocaine will receive a guideline sentencing range of 97 to 121 months, before accounting for other relevant factors under the guidelines. Under the statutory mandatory minimum penalties, however, a five- and ten-year sentence will still be required, respectively. As a result, the Commission's amendment provides some relief to crack cocaine offenders impacted by the disparity created by federal cocaine sentencing policy.

The Commission emphasized and expressed its strong view that the amendment is only a partial solution to some of the problems associated with the 100-to-1 drug quantity ratio. Any comprehensive solution to the 100-to-1 drug quantity ratio would require appropriate legislative action by Congress.

The text of the Commission's amendments and its accompanying 2007 report to Congress, Cocaine and Federal Sentencing Policy, will be available in the coming weeks on the Commission's website, www.ussc.gov.

The Commission was established by Congress in 1985 to develop national sentencing guidelines for the federal courts. Any amendments made by the Commission to the guidelines must be submitted to Congress on or before May 1 of each year and become effective on November 1 if not disapproved by Congress.