IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-06-056S |
| | : | |
| TERRENCE GREENE | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

Without citing any law, the defendant moves this court to reconsider the sentence of 210 months imposed on April 27, 2007, arguing that proposed amendments to the United States Sentencing Guidelines (hereafter "Guidelines") warrant a reduction in the defendant's sentence. Because there is no legal basis for modifying the defendant's sentence, the defendant's motion should be denied.

A district court's authority to modify a sentence is "restricted to those specific instances in which Congress has granted jurisdiction." United States v. Zsofka, 121 F.3d 696 (1st Cir. 1997) (unpublished); see United States v. Bedonie, 413 F.3d 1126, 1129 (10th Cir. 2005); United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). The defendant has not identified any statute or rule that would permit the Court to amend his sentence. Accordingly, the Court should deny the defendant's motion because it lacks jurisdiction to reconsider his sentence based upon a proposed amendment to the Guidelines.

Furthermore, any motion to reconsider the defendant's

sentence is premature. In general, the sentencing judge is to apply the guidelines in effect at the time of the sentencing. See 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a); United States v. Crudup, 375 F.3d 5, 8 (1st Cir. 2004); Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992)[1]. The amendment to § 2D1.1 referenced by defendant in support of his request is merely proposed, will not go into effect until November 1, 2007, and may be rejected or modified by Congress in the interim. See 28 U.S.C. § 994(p).[2] Under § 994(p), Congress does not merely rubber stamp the Commission's recommendations. Rather, Congress has the unquestioned authority to reject or alter the amendment before the revisions go into effect and if "Congress withholds its approval, the Commission's policy judgments do not command judicial allegiance." United States v. Pho, 433 F.3d 53, 62 & n.4 (1st Cir. 2006); see also, Neal v. United States, 516 U.S. 284, 293 (1996)(noting that amendment to sentencing guidelines went into effect when Congress did not disapprove it in the 180 days allotted by statute); United States v. Camilo, 71 F.3d 984,

---

[1]An exception, not applicable in this case, is where the guideline in effect at sentencing would violate the ex post facto clause of the Constitution, in which event the court would use the guideline version in effect at the date of the offense of conviction. See U.S.S.G. § 1B1.11(b)(1).

[2]28 U.S.C. § 994(p) provides in pertinent part that "The Commission [...] may promulgate [...] and submit to Congress amendments to the guidelines" and that such amendments "shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year [...] except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress."

990 (1st Cir. 1995)(Commission amendments are to take effect upon a certain date, unless an intervening Act of Congress rejects them). Thus, the defendant's request is based upon a proposed amendment that may not ever be adopted by Congress.

Additionally, there is no reason to think that the proposed amendment to § 2D1.1 will be retroactive even if Congress does adopt it. Nothing in its text indicates that it will apply retroactively and the case law clearly provides that a substantive change such as the proposed amendment to § 2D1.1 will not be retroactive. See Crudup, 375 F.3d at 8; United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996); United States v. LaCroix, 28 F.3d 223, 227 & n. 4 (1st Cir.1994); Isabel, 980 F.2d at 62; United States v. Havener, 905 F.2d 3, 4-8 (1st Cir.1990).

Finally, the proposed amendment to § 2D1.1 will not impact the defendant's sentence even if adopted because of his status as a career offender under § 4B1.1. The amendment suggested by the Sentencing Commission modifies drug quantity thresholds in § 2D1.1 for crack cocaine offenses. Even though the proposed amendment would reduce the defendant's base offense level under § 2D1.1 if adopted[3], the defendant was not sentenced under § 2D1.1. Rather, the defendant was assigned a base offense level of 37 for

[3] Based upon the defendant's relevant conduct of 51.4 grams of crack cocaine, his base offense level under § 2D1.1 was 32. If the proposed amendment were adopted by Congress, his base offense level under § 2D1.1 would be 30.

being a career offender under § 4B1.1. Therefore, even if the defendant were sentenced under these proposed revisions to the Guidelines, his base offense level would remain the same.

For all of the reasons set forth above, the defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On May 8, 2007, I caused the within "Government's Response to Defendant's Motion to Reconsider" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj