UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : Cr No. 06-056 S

TERRENCE GREENE :

DEFENDANT'S SECOND SUPPLEMENTAL SENTENCING MEMORANDUM

The defendant, Terrence Greene, hereby submits the following second supplemental sentencing memorandum in support of the defendant's request for a sentence below the applicable sentencing guidelines. After the court sentenced the defendant to 210 months of imprisonment on April 27, 2007, the defendant filed a notice of appeal with the United States Court of Appeals for the First Circuit. On January 18, 2008, the Court of Appeals remanded this matter for re-sentencing in light of United States v. Kimbrough, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

1. Advisory Guideline Range

The Pre-Sentence Report calculates Mr. Greene's advisory guideline range at 262-327 months. PSR at ¶ 85. The court previously made a variance from the low end of 262 months to the 210 month sentence imposed on April 27, 2007.

2. Defendant's status as a career offender

As a result of three convictions set forth in the PSR, at paragraphs 37, 38 and 46, Mr. Greene is treated as a career offender for guideline purposes under the provisions of U.S.S.G. 4B1.1. An examination of the three convictions reveals that each involved the street-level sale

of small amounts of crack cocaine.

3. The Career Offender Guideline

The above-noted convictions trigger the application of the career offender guideline provisions contained in the United States Sentencing Guidelines, U.S.S.G. § 4B1. In this case, the career offender guidelines increase Mr. Greene's base offense level from a level 30 to a level 34. Mr. Greene's criminal history was accorded a score of level VI, as are all career offenders. *See* U.S.S.G. § 4B1.1(b).

Because of the triggering effect of the prior offenses listed in Section 2, above, Mr. Greene's Offense Level has changed from a level 32, criminal history category VI to a level 37, criminal history, category VI. If the defendant's Base Offense level was 32, after deduction for three points for acceptance of responsibility, the Total Offense level would be found at level 29, with a sentencing range of 151-188 months of imprisonment.

The United States Sentencing Commission has acknowledged that the career offender guideline provisions are among the most inequitable provisions in the Sentencing Guidelines. *See* U.S.S.C. *Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform* at 133-34 (2004). [1]

The United States Senate, in its report on 28 U.S.C. § 994(h), which authorized the Sentencing Commission to adopt the present career offender guideline structure, stated that the goal of construction of the guideline was a "consistent and rational implementation of the Committee's view that substantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers." S.Rep. No. 98-225 at 175 (1983) (emphasis supplied). The career

[1] Hereinafter "Fifteen year report", available at http://www.ussc.gov/15_year/15year.htm.

offender guideline goes far beyond this congressional mandate by establishing advisory guideline sentences that are excessive when compared to the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

The present career offender guideline structure is inconsistent with the "parsimony" provision of 18 U.S.C. § 3553(a), which directs a sentencing judge to "impose a sentence that is sufficient, but not greater than necessary" to effectuate the goals of sentencing. This provision was described by the United States Supreme Court as the "overarching" consideration for district courts when imposing sentence. Kimbrough v. United States, 128 S. Ct. 558, 570, 169 L. Ed. 2d 481, 494.

More importantly, the existing career offender guideline structure also fails to consider the mitigating factors that drive a district judge's discretion in imposing a sentence. For instance, as is the case here, the provisions of Section 4B1.1 set an offense level for a defendant without consideration of the nature of the prior offenses. A two time convicted major drug trafficker is treated the same as a street-level offender like Mr. Greene. Logic would seem to dictate that a major drug dealer be treated more harshly than a street-level seller. The inequity of this illogical treatment of defendants serves as a basis for the court to exercise its discretion in imposing a sentence lower than that called for by the career offender guidelines.

In light of Kimbrough, *supra*, and United States v. Booker, 543 U.S. 220 ( 2005), this court should consider the excessively harsh nature of the sentence provided for by the career guidelines in this case. Mr. Greene's qualifying convictions involve small, street level sales. In addition, all of the convictions took place before Mr. Greene was over twenty five (25) years of age. Mr. Greene's youth at the time of his convictions and the relatively minor nature of the

convictions weigh in favor of this court exercising its discretion and imposing a sentence lower than that called for by the advisory guideline range.

Recently, the United States Court of Appeals for the First Circuit, in United States v. Boardman, 528 F.3d 86 (2008) held that, under Kimbrough, a district court would have discretion to vary from the guidelines based upon a policy disagreement concerning the inclusion of non-residential burglary offenses as career offender predicates. Slip Op. at 4. In Boardman's case, the district court was compelled, based on prior circuit precedent, [2] to treat his non-residential burglary convictions as career offender predicates. Despite the fact that the district court was bound to do so, the Court of Appeals held that the district court could vary from the guidelines based upon a policy disagreement as to the treatment of non-residential burglaries by the career offender guidelines.

> The district court properly recognized that it was bound by *Fiore* to treat the guideline as we had interpreted it; but we do not see why disagreement with the Commission's policy judgment (as expressed in the guideline we interpreted in *Fiore*) would be any less permissible a reason to deviate than disagreement with the guideline policy judgment at issue in *Kimbrough*.

Slip Op. At 3-4.

Several district courts, in decisions critical of the career offender guidelines, have imposed sentences substantially lower than that called for by the guidelines.

Recently, in United States v. Moreland, slip op., 2008 WL 904652 (S.D. W. Va. April 3, 2008), the court rejected a career offender guideline sentence and imposed a sentence of one hundred twenty (120) months. The court criticized the manner in which the

[2] United States v. Fiore, 983 F.2d 1 (1st Cir. 1992).

career offender guidelines treat the term “controlled substance offense”. Slip op. at *36.

> “Any offense that falls within this definition *must* be counted as a predicate offense, regardless of the amount of drugs involved, the actual punishment imposed, or the length of time between the prior and present offenses.

Slip op. at 36.

In United States v. Fernandez, 436 F. Supp. 2d 983 (E.D. Wis. 2006), the court rejected a career offender guideline range of 188 to 235 months and imposed a sentence of 126 months. In imposing sentence, the court noted that the career offender guideline would pose a conflict with the mandate of 18 U.S.C. § 3553(a) in the case of street-level dealers. 436 F. Supp. 2d at 989. *See also* United States v. Malone, slip op., U.S. Dist. LEXIS 13648 (E.D. Mich. Feb. 22, 2008) (Rejecting career offender guideline as not justified by increased risk of recidivism among other factors).

The career offender guideline, like the crack cocaine guideline in Kimbrough, *supra*, does not “exemplify the Commission’s exercise of its characteristic institutional role”. Kimbrough, at 128 S. Ct. at 575.

The career offender guideline treats street sellers, like Terrence Greene, the same as wholesale dealers, who garner a much larger share of the profits generated by the sale of narcotics. Under the circumstances of this case, the court has the discretion under Kimbrough and Boardman to sentence this defendant to a sentence lower than that called for by the career offender guidelines.

4. The Career Offender Guideline Provisions Promote Racial Disparity And Result In Sentences Longer Than Necessary To Incapacitate

In its fifteen year report, the Commission noted that black defendants comprised 26% of

the defendants sentenced under the guidelines but 58% of the defendants sentenced as career offenders. Fifteen year report, at 133. While the primary justification for imposing lengthy sentences on repeat drug sellers appear to be incapacitation, the Commission's data suggests that the rate of recidivism is lower for defendants who are designated as career offenders based upon their prior drug dealing convictions. The Commission noted

> The overall rate of recidivism for category VI offenders two years after release from prison is 55 percent (USSC, 2004). The rate for offenders qualifying for the career criminal guideline based on one or more violent offenses is about 52 percent. But the rate for offenders qualifying only on the basis of prior drug offenses is only 27 percent. The recidivism rate for career offenders more closely resembles the rates for offenders in the lower criminal history categories in which they would be placed under the normal criminal history scoring rules in Chapter Four of the *Guidelines Manual*.

Fifteen year report, at 134.

The Sentencing Commission's data suggests that, for defendants, like Mr. Greene, who are designated as career offenders solely because of prior drug selling convictions, the likelihood of recidivism is lower than purely violent offenders. The career offender guidelines do not reflect the Commission's own data and experience. As with the crack cocaine guidelines in Kimbrough, *supra*, the career offender guidelines "do not exemplify the Commission's exercise of its characteristic institutional role." 128 S. Ct. At 575. For defendants who are career offenders because of drug selling, the need for incapacitation is appreciably less. The fact that the career offender guidelines do not allow for a lower sentence for less culpable street sellers serves as justification for the court's exercise of its discretion under Booker, Kimbrough and Boardman.

5. Analysis Of 18 U.S.C. § 3553(a) Factors

A. Nature of the offense

The facts of this case show that Terrence Greene was involved in a dangerous activity, selling crack cocaine on the street. This activity is dangerous for the public at large and also for Mr. Greene.

B. Defendant's characteristics

The PSR indicates that Mr. Greene was raised in an abusive environment where drug use was common. PSR at ¶ ¶ 72-75.

While the environment in which Mr. Greene grew up is not unusual, it is noteworthy that he had no real strong father figure in his life. Experience shows that male defendants who grow up in drug-infested environments tend to emulate the behavior to which they are exposed. The environment in which Mr. Greene grew up does not justify his actions in this case, but, merely serves to explain why he became a street-level drug seller.

The PSR describes Mr. Greene's limited educational and vocational skills. PSR at ¶ ¶ 81, 82. Without such skills it is not surprising that he has no significant job history. Mr. Greene clearly will benefit from educational and vocational opportunities while serving his sentence. Given his lack of vocational skills, a sentence substantially lower than the guideline sentence would serve to motivate him toward positive achievements while incarcerated.

C. Need for deterrence and to promote respect for the law

There is no question that the court needs to send a message in all cases which involve the sale of crack cocaine. The imposition of a substantial sentence promotes respect for the law and deters others from committing similar acts. The sentence called for by the guidelines,

however, 262 to 327 months, is far greater than necessary to promote respect for the law. In fact, there is authority that the imposition of long sentences in fact discourages respect for the law. In 1997, the Sentencing Commission conducted a public opinion survey and found that "there was little support for sentences consistent with most habitual offender legislation. To be sure, longer previous criminal records led to longer sentences, but at substantially smaller increments than under such initiatives as 'three strikes-and-you're out.' " *See* Peter H. Rossi & Richard A. Berk, U.S. Sentencing Commission, Public Opinion on Sentencing Federal Crimes, Executive Summary (1997), http://www.ussc.gov/nss/jp_exsum.htm; *See also* Fifteen year report at 133-34.

6. Sentencing Recommendation Of Defense Counsel

Defense counsel would respectfully recommend a sentence of 120 months imprisonment, the mandatory minimum sentence. This is a sentence that would be sufficient, but not greater than necessary, to effectuate the goals of sentencing set forth in 18 U.S.C. § 3553(a).

TERRENCE GREENE,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
Office of the Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Sandra R. Beckner, AUSA and on Kristin Mattias, USPO on the 2nd day of September, 2008 by way of ECF case filing.

/s/ Edward C. Roy, Esquire