```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                              )
UNITED STATES OF AMERICA      )
                              )
      v.                      )    CR No. 06-056-S
                              )
TERRENCE GREENE.              )
                              )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

    Before this Court is Terrence Greene's motion to vacate, modify or set aside sentence pursuant to 28 U.S.C. § 2255 in the above-captioned matter. For the reasons that follow, the motion is denied.

I.  Background

    Greene was convicted of knowingly and intentionally possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). At sentencing he was found to be a career offender and was sentenced to 210 months imprisonment. On appeal, the First Circuit remanded for re-sentencing in light of <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), and <u>Gall v. United States</u>, 552 U.S. 38 (2007). <u>See</u> <u>United States v. Greene</u>, No. 07-1760, slip op. (1st Cir. Jan. 16, 2008). On December 11, 2008 Greene was re-sentenced by this Court to 198 months imprisonment, and an Amended Judgment (ECF No. 60) was entered on December 17, 2008.

    Greene did not file a timely appeal from his re-sentencing. On April 9, 2009 he filed a notice of appeal, an affidavit in

support of his notice and a cover letter, seeking permission to file a late notice of appeal and alleging that he believed his counsel was filing a direct appeal on his behalf. (Aff. in Supp. of Notice of Appeal ¶¶ 4-5, EFC No. 61-2.) This Court construed the notice as a motion for leave to appeal and denied the motion. (See Mem. and Order, Apr. 17, 2009, ECF No. 62.)

Thereafter, Greene filed the instant motion to vacate, asserting (1) that his appointed counsel, Attorney Edward Roy, rendered ineffective assistance in failing to file an appeal on his behalf; and (2) that his sentence should be corrected based on recent court decisions and Government policy pronouncements, or on an alternative crack-powder cocaine ratio. The Government has filed an opposition to the motion (ECF No. 69), and Greene thereafter filed a reply with an attached affidavit,[1] and a supplemental memorandum (ECF No. 72) in support of his motion.

After reviewing the submissions of the parties, the Court determined that an evidentiary hearing was warranted to address Greene's ineffective assistance claim and appointed counsel to represent Greene. A hearing was conducted on September 20, 2011, at which Greene was represented by Attorney Steven J. DeLuca.[2]

---

[1] See Response to Government Objections to Petitioner's Motion to Vacate, ECF No. 70, "Reply." Imbedded in Greene's Reply is a motion for leave to file "an amended petition to cure any deficien[c]y in his original submission." (Id. at 1.) However, no proposed amended petition is tendered, and this Court is uncertain what "deficiency" Greene refers to. Therefore, to the extent that the motion to amend seeks leave to file the affidavit accompanying Greene's Reply, it is granted; otherwise it is denied.

[2] In its Order scheduling a hearing, this Court noted the parties were free to file a pre-hearing memorandum addressing "any

Both Greene and Attorney Roy testified at the evidentiary hearing. Greene testified that at the conclusion of his sentencing, while he was still in the courtroom, he asked Attorney Roy to file an appeal on his behalf and that Roy said he would visit Greene at prison to discuss it. Greene stated that he understood from this exchange that Attorney Roy would be filing the appeal and that he was surprised to learn, after his girlfriend called Attorney Roy some two months later, that no appeal had been filed.

Attorney Roy testified that he could not recall any conversation with Greene about taking an appeal – either at the conclusion of the sentencing hearing or otherwise. He stated that he would not have recommended that Greene appeal from his re-sentencing, given the fact that Greene's original sentence – which was 52 months below the applicable guideline range – had been further reduced at the re-sentencing by 12 months and that, in his experience, a defendant in Greene's circumstances risked an adverse result (i.e., a heavier sentence) if he were to prevail on a second appeal and win the right to a further re-sentencing. Attorney Roy also testified that it was his practice to file an appeal if expressly requested to do so by a defendant, notwithstanding his own view.

II. Discussion

---

additional claim or matter related to the instant motion to vacate." (Order 2, Aug. 16, 2011, ECF No. 74.) However, no memorandum was submitted by either side, and the hearing focused only on Greene's ineffective assistance claim.

-3-

A. Ineffective Assistance – Failure to Appeal

Greene first contends that he received ineffective assistance of counsel when his counsel failed to file an appeal from his re-sentencing. (Mot. to Vacate 3.)

A defendant who claims he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984); accord United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010).

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court applied the Strickland test to a claim involving counsel's failure to take an appeal. The Court noted that an attorney's performance is deficient if he or she (1) disregards the defendant's express instruction to file an appeal, id. at 477, or (2) in the absence of any express instruction, fails to consult a defendant concerning the taking of appeal, when circumstances so dictate, id. at 478-79. A duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)," or (2) that the defendant "reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Court emphasized that the inquiry is a factual one to be determined

on a case-by-case basis.  Id. at 477 (citing Strickland, 466 U.S. at 690).

As to the prejudice prong, while generally a strong presumption of reliability is applied to judicial proceedings and attorney competence, in cases where a defendant is deprived of a judicial proceeding altogether by counsel's error in failing to file an appeal, there is a presumption of prejudice and an adverse effect on the defense.  See id. at 483.  Thus, ineffective assistance of counsel is shown when counsel's deficient performance deprives the defendant of an appeal that he or she would have otherwise taken.  See id. at 484.

With these principles in mind, this Court addresses the issues in light of the evidentiary hearing.

1. Express Instruction

As to the factual question of whether Greene expressly instructed his counsel to file an appeal, the Court finds the testimony of Attorney Roy to be more credible than that of Greene.

Attorney Roy testified that he did not recall any conversation at the conclusion of the re-sentencing in which Greene specifically asked him to file an appeal but that he was certain that no such conversation occurred, because his practice was to always file a direct appeal if requested by a defendant and he did not file any appeal in this case.[3]  On cross-examination Attorney Roy stated

---

[3] Attorney Roy testified that his practice of filing an appeal immediately upon a defendant's request was something that was done as a matter of course.  He further stated that, if a client told him that he or she wanted to file an appeal, he would do so because, in his view, there was no need to leave it to chance.

that Greene did not ask him to file an appeal, and he noted – without dispute – that he filed his final bill for his representation of Greene within ten days of sentencing. The Court finds this testimony to be compelling and concludes that it is highly unlikely that Attorney Roy would submit a 'final bill' for compensation under the Criminal Justice Act if Greene had requested that he file an appeal on his behalf.

Greene's testimony, on the other hand, while plausible, is discounted by two factors: (1) he stopped short of saying that Attorney Roy expressly agreed to file an appeal on his behalf, and (2) as Greene acknowledged on cross-examination, the initial affidavit submitted by Greene in support of his unsuccessful attempt to file a late appeal made no mention of any express request that his counsel file an appeal. Moreover, as the Government points out in its Objection (Gov't Mem. 4, Feb. 25, 2010, ECF No. 69), the assertion of an express request that appears in Greene's motion to vacate was unsworn. See Gerrish v. United States, 353 F. Supp. 2d 95, 97 (D. Me. 2005) (holding that facts alluded to in an unsworn memorandum for habeas relief are insufficient). Thus, the first sworn assertion on this point was in Greene's affidavit filed in reply to the Government's Objection to his motion to vacate. (See Greene Aff. ¶¶ 3-4, ECF No. 70-1.)

Based on the foregoing, this Court finds that Greene made no express request to Attorney Roy – either at the conclusion of the sentencing hearing or otherwise within the appeal period – that an appeal be filed.

2.  Duty to Consult

This Court next addresses the issue of whether, in the absence of any express direction, Attorney Roy had a duty to consult Greene about taking of an appeal. See Flores-Ortega, 528 U.S. at 478 (noting that, where attorney received no express instruction to file a notice of appeal, and no consultation occurred, a court must determine "whether counsel's failure to consult with the defendant itself constitutes deficient performance"). The inquiry on this point is a factual one to be determined considering all relevent circumstances. Id. at 480 (citing Strickland, 466 U.S. at 690).

Based on the testimony given at the evidentiary hearing, the Court finds that no constitutionally-imposed duty to consult arose in the circumstances presented here. Attorney Roy testified that he did not believe that any appeal was warranted after Greene's re-sentencing because Greene's already below-guideline sentence had been further reduced by twelve months at his re-sentencing; Greene had already received the benefit of Kimbrough, 552 U.S. 85; and there were no other appealable issues.

In addition, Roy stated that he had in mind the Russell case, in which a successful appeal of a re-sentencing that was lower than the original sentence resulted in a greater sentence being imposed at the defendant's second re-sentencing. See United States v. Russell, 537 F.3d 6, 7-8 (1st Cir. 2008) (upholding this result as reasonable). Thus, Roy's determination that an appeal was not warranted (and could have been against Greene's best interest) was reasonable under the circumstances. See Strickland, 466 U.S. at

690 (counsel's performance reasonable if within "the wide range of professionally competent assistance"); cf. Nunez v. United States, 546 F.3d 450, 454-55 (7th Cir. 2008) (noting in different context that attorney has obligation to assess risks of filing appeal); United States v. Mabry, 536 F.3d 231, 240 (3d Cir. 2008) (same).

Greene's testimony, on the other hand, is questionable. Even under Greene's version of events, if accepted by this Court, Greene's testimony stops short of stating that Attorney Roy agreed to file the request. He merely says that Roy stated his intention to visit Greene at the Wyatt Detention Facility "and speak with me" regarding the appeal but that neither Roy nor any representative of his office visited Greene.

Nevertheless, Greene failed to take any further action until at least two months later when he requested that his girlfriend contact Attorney Roy.[4] The Court notes that Greene had previously filed an appeal from his initial sentencing and thus likely knew about the time requirements for taking an appeal. Moreover, Greene has not articulated any nonfrivolous grounds for appeal of which his counsel should have been aware.

In short, based upon this Court's review of the papers and submissions in this matter and its observation of the testimony of the witnesses at the evidentiary hearing, the Court finds that there was no duty on the part of Attorney Roy to consult because

---

[4] Although Greene was transferred seven or eight days after his sentencing from the Wyatt Detention Center to an out-of-state facility (FCI Brooklyn), he admitted that he did not make any attempt himself to contact Attorney Roy during the week that he was held at Wyatt.

-8-

(1) there were no nonfrivolous grounds upon which to base an appeal, given that Greene's original below-guidelines sentence was reduced further upon his re-sentencing; and (2) the Court has found, <u>supra</u>, that Greene made no express request to appeal and that Greene otherwise failed to reasonably demonstrate to his counsel that he was interested in appealing. Absent a duty to consult, there was no deficient performance.

In view of this finding, it is not necessary to consider the prejudice issue, and Greene's ineffective assistance claim fails.[5] <u>See</u> <u>United States v. LaBonte</u>, 70 F.3d 1396, 1413-14 (1st Cir. 1995) ("[A] failure of proof on either prong of the <u>Strickland</u> test defeats an ineffective-assistance-of-counsel claim."), <u>rev'd on other grounds</u>, 520 U.S. 751 (1997).

B.  Sentencing Claims

Greene claims that his sentence should be corrected in light of <u>Spears v. United States</u>, 555 U.S. 261 (2009), and the positions expressed by the Department of Justice (DOJ) and the Obama Administration in regards to the crack-powder ratio discrepancy. (Mot. to Vacate, Ground Two.) He further claims that this Court should adopt a replacement ratio to cure this discrepancy and

---

[5] This Court is mindful that, if counsel was found to have breached his duty to consult concerning an appeal, the prejudice prong would be satisfied by a finding that Greene would likely have taken an appeal but for Attorney Roy's failure to consult – although, conceivably, during any consultation Roy could have persuaded Greene that it would have been futile to appeal. Greene testified that had he known that his counsel did not file an appeal, he would have done so in a timely manner. However, in view of the disposition herein, this Court need not make any finding as to the credibility of that statement.

correct his sentence accordingly. (Mot. to Vacate, Ground Three.) Neither of these claims have merit.

1. Correction of Sentence under Spears

Greene first contends that under Spears a sentencing court has the power to reject or vary the crack-powder ratio set forth in the Sentencing Guidelines based on a policy disagreement with the ratio, and thus his sentence should be corrected. (Mot. to Vacate 6.)

The short answer to this claim is that the Court was aware of, and exercised, its full discretion to vary from the applicable guideline sentence, as recognized in Kimbrough, and as further explicated in Spears. In Kimbrough, the Supreme Court held that a district court may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses and concluded that when sentencing a defendant for a crack-cocaine offense, "it would not be an abuse of discretion for a district court to conclude . . . that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." 552 U.S. at 110 (internal quotation marks omitted). In Spears, decided approximately one month after Greene was sentenced, the Court clarified Kimbrough, stating that "district courts are entitled to reject and vary categorically from the crack cocaine Guidelines," even in a run-of-the-mill case. 555 U.S. at 265-66. As both the Government and Greene agree, Spears reaffirmed a district court's sentencing

discretion to vary from the then-existing 100:1 crack cocaine-powder cocaine ratio. (See Gov't Mem. 6; Reply 4.)

Here, during the re-sentencing, this Court noted that the driving force behind Greene's sentence was his criminal history and career offender status and observed that Greene's original sentence reflected a substantial departure (52 months) from the applicable guideline range. (See Re-sentencing Hr'g Tr. 9-10, Dec. 11, 2008.) This Court also stated that Greene's "sentence meets all the guideline factors of Section 3553." (Id. at 24.)

There is nothing in Spears, assuming that the decision is even applicable to Greene's sentence, that this Court overlooked. The record shows that the Court made no mention of any crack-powder cocaine ratio at the re-sentencing hearing, as Greene's applicable guideline sentencing range was based not on those guidelines but rather on his career offender status. (See Presentence Report ¶¶ 22, 87.)

    2.    Alternate Crack-Powder Cocaine Ratio

Greene's further claim that this Court should adopt its own replacement ratio and sentence him accordingly is, in essence, a further argument for the applicability of the Spears decision. As such, it fails for the reasons already mentioned. As noted above, Greene's guideline range was not based on the crack cocaine guidelines but rather on his career offender status, and his actual sentence imposed upon re-sentencing was substantially below that

applicable range.[6]  Moreover, Greene has failed to show any error in his re-sentencing, during which this Court considered all of the pertinent factors in light of Kimbrough and as subsequently set forth in Spears.

Thus, irrespective of whether this Court has the ability to consider an alternate crack-powder cocaine ratio, the circumstances warranting such consideration are not present here.  See Daniels v. United States, No. 4:09CV1093 DJS, 2009 WL 2169898, at *1 (E.D. Mo. July 20, 2009) (noting that request to use alternate crack-powder ratio does not fit within grounds for relief under § 2255; even if such relief were available, it is within the court's discretion).

In short, because this Court's exercise of discretion in fashioning Greene's new sentence was in accordance with both Kimbrough and Spears, and because that sentence was twelve months lower than his below-guideline original sentence, there is no basis for relief under § 2255.

### 3. Applicability of Fair Sentencing Act

In his supplemental memorandum, Greene asserts, as an additional claim, that he should be re-sentenced under the recently enacted Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (FSA).  (See Greene's Supp. Br. 1, ECF No. 72.)  This claim is foreclosed by the First Circuit's recent decision holding, in

---

[6] Because Greene's sentence was based primarily on his criminal history and status as a career offender rather than on the crack cocaine guidelines, his reliance on the statements by the Department of Justice and President Obama in support of eliminating the disparity in crack and powder cocaine sentences (Mot. to Vacate 7) is misplaced, and those statements do not assist him here.

agreement with ten other circuits, that the FSA does not apply retroactively to defendants whose criminal offense conduct occurred before the passage of the Act. See United States v. Goncalves, 642 F.3d 245, 253-54 (1st Cir. 2011) (citing cases).

The Court has considered all of Greene's other arguments and finds them to be without merit.[7]

III. Conclusion

In view of the foregoing considerations, Greene's motion to vacate is hereby DENIED and DISMISSED.[8]

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, the Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Greene has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Greene is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

---

[7] As part of his request for relief, Greene asks that this Court take into account his postconviction rehabilitation, including participation in certain prison programs. (Mot. to Vacate 10, ¶ 3.) The Court did in fact take those circumstances into account at re-sentencing in reducing his original sentence to 198 months. Thus, this request for relief is moot.

[8] In view of the Court's finding that Greene's claims are without merit, his further request that counsel be appointed to assist him with any appeal (id. ¶ 4) is likewise denied.

IT IS SO ORDERED.


*/s/ Willilam E. Smith*
William E. Smith
United States District Judge
Date: November 28, 2011