UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )    CR. No. 06-056-S
                                   )
TERRENCE GREENE.                   )
_____)

## ORDER DENYING MOTION TO MODIFY SENTENCE

WILLIAM E. SMITH, Chief Judge.

Defendant Terrence Greene, acting pro se, has filed a Motion to Modify Sentence under Title 18 United States Code §3582(c)(2) and the FSA (ECF No. 92). A review of the record indicates that Greene is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) because he was sentenced as a career offender, not pursuant to a sentencing range which has subsequently been lowered. (Mem. and Order 1, 11, 12 n.6, Nov. 28, 2011, ECF No. 78.)[1]

---

[1] The Court notes that Greene presented many of the same arguments made here in a previous motion to correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 64). Those arguments were rejected in a Memorandum and Order denying and dismissing Greene's § 2255 motion. (Mem. and Order 9-13, Nov. 28, 2011, ECF No. 78.) The Court also denied Greene's request for a certificate of appealability (COA). (Id. at 13.) Greene appealed the denial of the COA to the First Circuit, which denied his request in a Judgment entered on May 22, 2013 stating that he had failed to make "a substantial showing of the denial of a constitutional right" and terminated his appeal. (Judgment 1, May 22, 2013, ECF No. 97.)

For these reasons, and for the reasons stated in the Government's memorandum, the Motion to Modify Sentence is DENIED.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
Chief Judge
Date: April 24, 2014

---

The Court further notes that Greene raised an additional equal protection argument in his reply to the Government's response to the instant Motion to Modify Sentence. (Def.'s Traverse to Governmental Responsive Pleading 3-4, ECF No. 96.) That argument is waived, as arguments cannot be presented for the first time in a reply memorandum. See Wills v. Brown Univ., 184 F.3d 20, 27 (1st Cir. 1999).